# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:07CR76

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| ROBERT C. BURRIS, JR. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's appeal from, and motion for revocation of, the Magistrate Judge's order of detention pending trial.

## I. PROCEDURAL HISTORY

Defendant was indicted based on events of July 6, 2007, and charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed August 6, 2007.** After initially pleading not guilty, Defendant changed his plea to guilty. **Notice of Intent to Change Plea, filed October 12, 2007; Plea Agreement, filed October 16, 2007.** The Magistrate Judge conducted a Rule 11 inquiry and entered

an order accepting Defendant's guilty plea on October 16, 2007.  **Rule 11 Inquiry and Acceptance of Plea, filed October 16, 2007.**  Depending on his prior record level, Defendant potentially faces a prison sentence of ten years to life, as well as a $250,000 fine.  *Id.*  On October 22, 2007, the Magistrate Judge entered an order directing Defendant be detained pending trial and/or sentencing.  **Order of Detention Pending Trial, filed October 22, 2007.**  Defendant appeals and moves to revoke the Order.  **Notice of Appeal and Motion for Revocation of the Magistrate's Order of Detention, filed October 26, 2007.**

## II. STANDARD OF REVIEW

Defendant's motion is pursuant to 18 U.S.C. § 3145, which provides: "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly."  **18 U.S.C. § 3145(b).**  This Court reviews a Magistrate Judge's detention order *de novo*.  ***United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985).**  In so doing, the Court is governed by the following standard:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.

**18 U.S.C. § 3143(a)(1).** This section is applicable when, as in this case, the defendant has pled guilty. ***United States v. Luisa*, 266 F. Supp. 2d 440, 445 (W.D.N.C. 2003) (holding that § 3143's use of the phrases "a person who has been found guilty" and who "is awaiting imposition or execution of sentence" includes a defendant who has entered a guilty plea but who has not yet been sentenced).**

Section 3143(a)(1) describes the statutory presumption in favor of detention. Even if a defendant proffers evidence tending to rebut this presumption, "the presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained." ***United States v. Granger*, 2006 WL 1303150, at \*1 n.1 (E.D. Va. 2006);** *see also* ***United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that a "rebutted presumption retains evidentiary weight").**

## III. DISCUSSION

Defendant has not successfully rebutted the statutory presumption set forth in § 3143(a)(1). As noted by the Magistrate Judge, Defendant has an extensive criminal history. His record includes 17 previous convictions for, *inter alia*, conspiracy to possess with intent to distribute methamphetamine, assault, reckless driving, and numerous counts of driving while impaired – all of which tend to impact the safety of others. Moreover, the offense to which he has pled guilty in this case, possession of a firearm by a felon, appears to be Defendant's sixth offense involving firearms.

Defendant does not dispute the Magistrate Judge's finding that a search of Defendant's house in connection with the instant case yielded more than 30 firearms. Instead he argues that his previous firearm offenses were minor and remote in time, that he committed the instant offense on private land, not "within the general community," and that he has not used alcohol or controlled substances for 10 years. **Notice of Appeal and Motion, *supra*, ¶¶ 4, 7.** The Court is unpersuaded that these contentions constitute "clear and convincing evidence" that Defendant "is not likely to . . . pose a danger to the safety of any other person or the

community if released," in light of Defendant's extensive history of violent and drug-related crimes.  **18 U.S.C. § 3143(a)(1).**

Finally, Defendant argues that, in one of his prior cases involving controlled substances, this Court reviewed his criminal record and determined that he should be released pending trial.  **Notice of Appeal and Motion,** *supra,* **¶ 5.**  He contends the Magistrate Judge's ruling in the instant case is "in direct conflict" with the Court's earlier ruling "on the very same record."  *Id.*  Defendant's argument overlooks the fact that the instant case involves, not controlled substances, but possession of a firearm by a felon – an offense which is considered by many courts in this jurisdiction to be a crime of violence.  **E.g., United States v. Powers, 318 F. Supp. 2d 339 (W.D. Va. 2004); United States v. Chappelle, 51 F. Supp. 2d 703 (E.D. Va. 1999); United States v. Spry, 76 F. Supp. 2d 719 (S.D.W. Va. 1999); United States v. Aiken, 775 F. Supp. 855 (D. Md. 1991).**  Thus, the instant case directly implicates the physical safety of the community, and a departure from the Court's earlier, unrelated ruling is entirely appropriate.  The Court, therefore, declines to revoke the Magistrate Judge's Order in this matter.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion for revocation is hereby **DENIED** and the Magistrate Judge's Order of Detention is **AFFIRMED**.

Signed: October 29, 2007

Lacy H. Thornburg
United States District Judge