**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:07CR76**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **ROBERT CARROL BURRIS, JR.** | ) | |
| _____ | ) | |


**THIS MATTER** is before the Court on Defendant's motion to dismiss filed August 7, 2008.  The Government opposes the relief sought. **Response to Defendant's Motion to Dismiss, filed August 19, 2008.** For the reasons stated herein, Defendant's motion is denied.


## I.  BACKGROUND

On August 6, 2007, a Grand Jury sitting in the Western District of North Carolina, returned a single count indictment against Defendant alleging he knowingly possessed over 30 firearms after having been convicted previously of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1).  **Indictment,**

**filed August 6, 2007.**  The indictment alleged that the Defendant had previously been convicted with conspiracy to possess with intent to distribute and distribution of methamphetamine in the United States District Court for the Western District of North Carolina.  *Id.*  The Defendant subsequently entered into a plea agreement with the Government whereby he agreed to plead guilty to the one count  indictment.  **Plea Agreement, filed October 16, 2007; Rule 11 Inquiry and Order of Acceptance of Plea, filed October 16, 2007.**

While Defendant awaited sentencing, the United States Supreme Court decided *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), a case involving a long awaited interpretation of the meaning and protections afforded individuals by the Second Amendment to the United States Constitution.  Defendant filed the present motion to dismiss based on his interpretation of the *Heller* decision contending, in essence, that the statute under which he was convicted, 18 U.S.C. § 922(g), has been rendered unconstitutional when applied to his conduct.

## II. DISCUSSION

Defendant's reliance on the *Heller* decision is misplaced.  In *Heller*, the Supreme Court considered "whether a District of Columbia prohibition on the possession of usable handguns in the home violates the Second Amendment to the Constitution."  *Id.* **at 2787-88**.  Heller, a D.C. special police officer, applied for a registration certificate that would allow him to lawfully keep a handgun in his home.  *Id.* **at 2788.**  The District denied his application and respondent filed a lawsuit in federal court for the District of Columbia "seeking, on Second Amendment grounds, to enjoin the city from enforcing the bar on registration of handguns, the licensing requirements insofar as it prohibits the carrying of a firearm in the home without a license, and the trigger-lock requirement insofar as it prohibits the use" of operational firearms in the home.  *Id.*  The district court dismissed Heller's complaint.  *See Parker v. District of Columbia***, 311 F. Supp. 2d 103, 109 (D.D.C. 2004).**  In reversing the district court's order of dismissal and ordering that summary judgment be entered for Heller, the D.C. Circuit "held that the Second Amendment protects an individual right to possess firearms and that the city's total ban on handguns, as well as its requirement that firearms in the home be kept nonfunctional even when

necessary for self-defense, violated that right." *Heller*, **128 S. Ct. at 2788;** *see also Parker v. District of Columbia*, **478 F.3d 370, 401 (D.C. Cir. 2007).** After granting a writ of *certiorari*, the Supreme Court affirmed the D.C. Circuit's opinion.

In the present case, Defendant pled guilty to violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. **Indictment,** *supra*. Defendant contends that dismissal of the indictment is proper based on the holding in *Heller*. Specifically, Defendant contends the *Heller* "decision raises grave concerns regarding the constitutionality of 18 U.S.C. § 922(g)(1)." **Defendant's Motion to Dismiss,** *supra*, **at 2.** The holding, as Defendant would have this Court interpret it, provides him with the constitutionally protected right to possess firearms despite his status as a convicted felon. However, he does acknowledge the rights conferred by the Second Amendment are "not absolute." *Id*. **at 3.** The constitutionality of 18 U.S.C. § 922(g) was not before the Supreme Court, however.

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]

*Heller*, **128 S. Ct. at 2816-17.** Defendant's contention that the *Heller* decision could support a reasonable attack on 18 U.S.C. § 922(g) is

certainly not helped by this admonishment from the five justice majority. In fact, this language permits only one conclusion, namely, the prohibition of possession of firearms under 18 U.S.C. § 922(g) survives the *Heller* decision. Although the Court need not look beyond *Heller* in denying Defendant's motion to dismiss, it is important to note that the Fourth Circuit has addressed the constitutionality of 18 U.S.C. § 922(g) on several occasions and squarely rejected each challenge. ***See United States v. Wells***, **98 F.3d 808, 811 (4th Cir. 1996) (rejecting Commerce Clause argument);** ***United States v. Bostic***, **168 F.3d 718, 724 (4th Cir. 1999) (rejecting Tenth Amendment argument);** ***United States v. Mitchell***, **209 F.3d 319, 323 (4th Cir. 2000) (rejecting Fifth Amendment Due Process claim).**

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is **DENIED**.

Signed: August 25, 2008

Lacy H. Thornburg
United States District Judge