**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:07CR76**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **ROBERT CARROL BURRIS, JR.** | ) | |
| _____ | ) | |


**THIS MATTER** is before the Court on the Government's Notice of

Breach of Plea Agreement, filed August 19, 2008; Defendant has

responded to the Government's allegations by response filed August 27,

2008.

Defendant is charged in a one count indictment with possession of a

firearm after having been convicted of a crime punishable by imprisonment

for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1).

**Indictment, filed August 6, 2007.**  On October 16, 2007, pursuant to a

plea agreement, the Defendant formally entered his plea before the

Magistrate Judge and is currently awaiting sentencing.

On August 7, 2008, the Defendant filed a motion to dismiss the §
922(g)(1) charge on the grounds that this statute, to which he had pled
guilty, had been declared unconstitutional by the Supreme Court's decision
in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). This Court
determined the ruling in *Heller* did not affect the constitutionality of §
922(g)(1) and Defendant's motion was denied. ***See* Order, filed August
26, 2008, at 4-5 (citing *Heller*, at 2816-17).**

The Government states that in the plea agreement filed herein, the
Defendant waived any right he had to attack his "conviction" except for
claims of ineffective assistance of counsel or prosecutorial misconduct.
***See* Government's Notice, at 2-3 (citing ¶¶ 15, 19 of Plea Agreement).**
The Government argues that by filing the motion to dismiss, the Defendant
is attacking his conviction thereby breaching the terms of his plea
agreement. ***Id*. at 3.** The Government seeks an order from the Court
relieving it of its "obligations, stipulations and agreements under the plea
agreement." ***Id***.

The Fourth Circuit has held that a defendant cannot be prosecuted
for an act which the Supreme Court has held to be unconstitutional. ***See
Baines v. City of Danville, Va.,* 357 F.2d 756 (4th Cir. 1966).** In a later

opinion, the Court held that a defendant should be permitted to raise the issue of unconstitutionality which, if sustained, would require his acquittal. ***Wright v. Bailey*, 544 F.2d 737 (4th Cir. 1976).** If a statute is unconstitutional, there is no valid basis on which a prosecution can proceed, for it is "as though [the statute] did not exist." ***Poulos v. State of New Hampshire*, 345 U.S. 395, 414 (1953); *see also Kolender v. Lawson*, 461 U.S. 352 (1983) (affirming appellate decision enjoining enforcement of an unconstitutional statute).**

While the Government properly observes that a plea agreement constitutes a contractual obligation, nevertheless, there is no contract to enforce a guilty plea to a charge that would be punished pursuant to an unconstitutional statute. The ruling in *Heller* came after the Defendant had entered his guilty plea. While the Court did not rule in Defendant's favor, it is apparent the motion to dismiss was made in good faith and with the genuine belief that the Supreme Court's ruling in *Heller* had invalidated the § 922(g)(1) statute. Therefore, the Court cannot find that by making this challenge Defendant has in any way breached his plea agreement.

**IT IS, THEREFORE, ORDERED** that the Government's request to be relieved of its obligations, stipulations and agreements set forth in the plea agreement filed herein is **DENIED**.

**IT IS FURTHER ORDERED** that this matter be set for sentencing upon receipt of the final draft of the presentence report.

Signed: August 29, 2008

Lacy H. Thornburg
United States District Judge